**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RUSSELL C. SIMON, | In Proceedings |
| | Under Chapter 13 |
| Trustee, | |
| vs. | |
| HENRY L. ZITTEL | No. 07-31616 |
| ADONIS CLARK and | |
| KRISTINE CLARK | No. 07-31805 |
| JONATHAN WALSTER | No. 07-31719 |
| Debtor/Debtors. | |

**OPINION**

The above-captioned matters are before the Court on the Chapter 13 Trustee's objections to confirmation of the debtors' proposed Chapter 13 plans. The Trustee objects that voluntary withdrawals taken from the debtors' retirement accounts in the six months prior to the filing of the Chapter 13 petitions must be included when calculating the debtors' current monthly income.

In each case, the relevant facts are undisputed. On their Statement of Financial Affairs and on Schedule B, debtors listed, as part of their assets, tax-deferred retirement accounts. Within six months prior to filing their Chapter 13 petitions, the debtors withdrew various amounts from these accounts. In all cases, the debtors failed to include these amounts in their Statement of Current Monthly Income (Form B22C).

The Trustee objects under 11 U.S.C. § 1325(b)(1)(B) which provides, in relevant part, that when a Trustee objects to confirmation, the court may not approve the plan unless:

1

> [T]he plan provides that **all of the debtor's projected disposable income** to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B) (emphasis added). A debtor's disposable income is determined by calculating his current monthly income less amounts reasonably necessary to be expended. 11 U.S.C. § 1325(b)(2). In turn, current monthly income is defined by 11 U.S.C. § 101(10A) as follows:

> The term 'current monthly income' –
>
> > (A) means the average monthly income from all sources that the debtor receives…without regard to whether such income is taxable income, derived during the 6-month period ending on—
> >
> > > (i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or
> > >
> > > (ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii)…

11 U.S.C. § 101(10A).

The Trustee argues that the debtors must include voluntary withdrawals from their retirement accounts when calculating their current monthly income because "income from all sources" must be considered. 11 U.S.C. § 101(10A). The debtors maintain that voluntary withdrawals taken from a tax-deferred retirement account are not income for the purposes of calculating current monthly income and should not be included as such because the monies in question are income when earned and not when withdrawn. The question before the Court is whether funds that are voluntarily withdrawn from a retirement account in the six months prior to the filing date of the Chapter 13 petition must be included as "income from all sources" under § 101(10A).

The Bankruptcy Code does not define the term "income."  The Trustee argues that the definition of income provided in the Internal Revenue Code, 26 U.S.C. § 61(a) (2006) [1], should control the meaning of the term when it is used in the Bankruptcy Code.  There is no indication in the Bankruptcy Code, however, that the Internal Revenue definition must be adopted.  The Court is mindful that "[h]ere and there in the Bankruptcy Code Congress has included specific directions that establish the significance for bankruptcy law of a term used elsewhere in the federal statutes."  *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 126 S.Ct. 2105, 2113 (2006), (quoting *United States v. Reorganized CF & I Fabricators of Utah, Inc.,* 116 S.Ct. 2106 (1996)).  But that is not the case here.  Where no such directions are provided in a section of the Bankruptcy Code, there is no basis to write them into the text.  *Id*.

Considering the Supreme Court's admonition, rather than adopt a definition from the Internal Revenue Code, this Court instead looks to bankruptcy case law.  The few courts that have considered this matter have reached different outcomes.  In the jointly decided cases of *In re Sanchez* and *In re Zahn*, Nos. 06-40886 and 06-40865, 2006 WL 2038616 (Bankr.W.D.Mo. Jul. 13, 2006), the court was presented with two fact situations that mirror the instant cases.  The debtors in *Sanchez* filed a Chapter 13 petition without including, in their current monthly income, a $6,293.74 withdrawal from a 401(k) plan that was made in the previous six months.  *Id*. at *1.  Similarly, the debtor in *Zahn* calculated his current monthly income without including a $13,036.25 withdrawal from a 401(k) plan.  *Id*.

---

[1] 26 U.S.C. § 61(a) provides that "gross income means all income from whatever source derived…"

In both *Sanchez* and *Zahn*, the Trustee objected to the debtors' proposed plans based on the exclusion of the disbursed amounts. The court agreed with the Trustee that disbursements from a 401(k) in the six months prior to the petition must be included when calculating current monthly income. *Id*. at *2. The court dismissed the arguments of the debtors that a 401(k) disbursement could not be income at the time of disbursement because it was considered to be income at the time it was earned. *Id*. The court concluded that "earnings that are contributed to a 401(k) plan are deferred as income and are received by the employee and taxed by the government at a later date, *i.e.*, when the funds are withdrawn." *Id*. The court further stated: "Simply stated, money contributed to a 401(k) plan is neither received for use by a taxpayer nor recognized as income for tax purposes until that money is withdrawn from the 401(k) plan." *Id.* at *3.

The opposite conclusion was reached in *In re Wayman*, 351 B.R. 808, 811 (Bankr.E.D.Tex. 2006), where the court concluded that the debtor was not obligated to include a retirement account distribution in the calculation of her current monthly income. In *Wayman*, the debtor received a $22,000.00 401(k) account in February 2005 as part of a divorce settlement. *Id*. at 809. The debtor rolled this account into her individual retirement account and subsequently took distributions totaling $13,000.00 in October 2005. *Id*. On December 30, 2005, the debtor filed a voluntary petition under Chapter 13. *Id*. The debtor did not include the IRA distributions in the calculation of her current monthly income and the Trustee objected. *Id*.

The *Wayman* court recognized that amounts withdrawn from a retirement account are fully or partially taxable in the year they are withdrawn, but found this point to be irrelevant, referencing § 101(10A)'s instruction that income should be considered

"without regard to whether such income is taxable income." 11 U.S.C. § 101(10A). The court stated that "while the Debtor's appropriation of the IRA may not have constituted *taxable* income to her until October 2005 when she received the premature distributions, that does not change the fact that she *received* the income…in February 2005" when the account was placed in her separate name and the funds came within "her care, custody and control." *Id*. at 811 (emphasis in original).

The Court finds the reasoning of *Zahn* and *Sanchez* unpersuasive, and disagrees with the finding that funds deposited into a retirement account by an employee are "deferred income" and not "received for use." *Sanchez*, 2006 WL 2038616 at *2-3. It is clear that income received by an employee and deposited into a retirement savings account is just as "received for use" as if those funds had been deposited into a checking or savings account.[2] In fact, the employee's decision to deposit the earnings into a retirement account rather than spend it in another fashion illustrates the control the employee has over the funds. Simply put, once placed in a retirement account, the funds are unavailable to the wage earner only in the sense that there may be hoops to jump through to access them. For example, while funds deposited in a checking account can be accessed by simply writing a check, payment of deferred taxes and, in some situations, a penalty, may be required to access funds in a 401(k) or other retirement account. The presence of penalties and taxes, however, does not make the funds any more unavailable than funds in a checking account. Clearly, wages, once received by the debtor, are "received for use" and within the "care, custody and control" of the debtor until they are spent, no matter how they are allocated.

---

[2] Even the *Sanchez* court recognizes that income is received when it is acquired or comes into the possession of the debtor. *Id*. at *2.

In addition, one of the basic premises of the *Zahn* and *Sanchez* decision is that earnings that are deposited into a retirement account are "deferred income" and, therefore, not received for use by the employee. The court made that determination, in part, on the basis that the earnings are not taxed. This reasoning, however, is incorrect. Wages received by employees and deposited into 401(k) accounts *are* taxed by the federal government. In fact, these wages are subject to social security, Medicare, and federal unemployment taxes.[3] Only the federal income tax on these wages is deferred. Furthermore, even if the *Zahn* and *Sanchez* court's understanding of the taxation of these wages was correct, this Court agrees with *Wayman* that the express language of § 101(10A) makes the question of taxation irrelevant. See *United States v. Ron Pair Enterprises*, 109 S.Ct. 1026, 1030 (1989) ("[W]here, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.")

Finally, the Trustee argues that the disbursed funds should be included in current monthly income because Congress did not specifically exclude this type of income under 11 U.S.C. § 101(10A)(B). This section excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international or domestic terrorism on account of their status as victims of such terrorism.[4] The

---

[3] Internal Revenue Service, Topic 424 – 401(k) Plans. Available at www.irs.gov/taxtopics/tc424.html

[4] 11 U.S.C. § 101(10A)(B) provides that the term "current monthly income" --
    (B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism.

Trustee's argument, however, presupposes that withdrawn retirement account funds are to be counted as income in the first instance. As explained above, the Court does not agree with this view.

For the reasons stated, the Court finds that the withdrawals taken in the six months prior to filing the Chapter 13 petition do not constitute "income from all sources" within the meaning of 11 U.S.C. § 101(10A) and may not be included when calculating current monthly income. Therefore, the Trustee's objections to confirmation are overruled.

See Order entered this date.

ENTERED: March 19, 2008                         /s/ Kenneth J. Meyers
                                                UNITED STATES BANKRUPTCY JUDGE